Filed 1/26/24  P. v. Alkebu-Lan CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHAI ALKEBU-LAN,<br><br>    Defendant and Appellant. | B324470<br><br>(Los Angeles County<br>Super. Ct. No. BA151577) |

APPEAL from an order of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Affirmed.

A. William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven E. Mercer and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Shai Alkebu-Lan appeals from the trial court's order denying his petition for recall and resentencing under Penal Code section 1170.91.[1] Because defendant is statutorily ineligible for section 1170.91 relief, we affirm.

## BACKGROUND

*Original conviction and sentencing*

In 1997, a jury found defendant guilty of two counts of attempted murder (§§ 664, 187, subd. (a)), two counts of assault with a deadly weapon (§ 245, subd. (a)(1)), one count of aggravated mayhem (§ 205), and three counts of attempted aggravated mayhem (§§ 664, 205). The jury found true allegations that defendant personally used a deadly and dangerous weapon as to each count (§ 12022, subd. (b)(1)) and, as to the attempted murder counts, that he inflicted great bodily injury (§§ 12022.7, subd. (b), 12022.9). *People v. Alkebulan* (Aug. 25, 1999, B123720) [nonpub. opn.] (*Alkebulan*).)~ The trial court sentenced defendant to a determinate term of 14 years eight months in state prison, plus an indeterminate term of life with the possibility of parole.

We affirmed the judgment on direct appeal. (*Alkebulan, supra*, B123720.)

*Defendant's section 1170.91 petition for resentencing*

In 2018, defendant filed a petition for resentencing pursuant to section 1170.91, which allows individuals convicted of some felonies to seek recall and resentencing so that certain mitigating factors related to military service can be considered. The trial court, Judge Michael D. Abzug presiding, appointed

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

counsel to represent defendant and ordered the matter "placed on calendar for possible modification of sentence."

Defendant subsequently filed a second petition pursuant to section 1170.91, which the People opposed.

On February 24, 2020, Judge Abzug issued an order explaining that "[s]hutting the door without a hearing is more likely, as a practical matter, to consume more judicial resources to resolve additional writs and appeals than giving the defendant the benefit of a single and final hearing on the issue." Accordingly, the trial court ordered defendant "down for re-sentencing on May 8, 2020."

Following a series of continuances, the matter was taken off calendar and reassigned to Judge Henry J. Hall.

*Hearing on defendant's petition*

On October 7, 2022, the trial court, Judge Hall presiding, held a hearing on defendant's petition.

Defense counsel argued that Judge Abzug had already ruled that defendant was entitled to resentencing and had ordered a resentencing hearing. The trial court disagreed, interpreting Judge Abzug's order as only requiring a hearing on defendant's eligibility for relief under section 1170.91.

*Ruling on defendant's petition*

On October 11, 2022, the trial court denied defendant's petition on the grounds that (1) defendant was ineligible for relief because he was serving an indeterminate sentence, and (2) defendant failed to establish that he was suffering from trauma or mental health issues as a result of his military service.

*Appeal*

This timely appeal ensued.

**DISCUSSION**

Defendant argues that the trial court improperly denied his section 1170.91 petition without holding the resentencing hearing that was ordered by Judge Abzug on February 24, 2020. The People contend that the court's ruling must be affirmed because, based on amendments to section 1170.91 made effective during the pendency of this appeal, defendant's attempted murder conviction renders him ineligible for resentencing as a matter of law.

I. *Standard of review*

Resolution of this appeal requires us to apply law to undisputed facts. We do so de novo. (*Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018.)

II. *Section 1170.91*

As originally enacted in 2014, former section 1170.91 "merely required courts to consider as a mitigating factor for determinate sentencing certain specified qualifying conditions the defendant may be suffering as a result of his or her military service—sexual trauma, traumatic brain injury, posttraumatic stress disorder, substance abuse, or mental health problems. [Citations.]" (*People v. Sherman* (2023) 91 Cal.App.5th 325, 329 (*Sherman*).)

"In 2018, the Legislature amended section 1170.91 to allow those sentenced for a felony conviction before January 1, 2015, to petition for a resentencing hearing at which the court could consider mitigating factors related to military service. [Citations.]" (*People v. Estrada* (2020) 58 Cal.App.5th 839, 841; see also *People v. Stewart* (2021) 66 Cal.App.5th 416, 423.)

In 2022, the Legislature amended section 1170.91 again, in ways that "both expanded and restricted eligibility for relief."

4

(*Sherman*, *supra*, 91 Cal.App.5th at p. 330.) As relevant to this appeal, the Legislature restricted resentencing eligibility by adding subdivision (c) to section 1170.91, effective January 1, 2023. (*Sherman*, *supra*, at p. 330.) This new subdivision provides that section 1170.91 "*does not apply* to a person convicted of, or having one or more prior convictions for, an offense specified in" section 667, subdivision (e)(2)(C)(iv). (§ 1170.91, subd. (c), italics added.) The offenses specified in section 667, subdivision (e)(2)(C)(iv), include "[a]ny homicide offense, including any attempted homicide offense, defined in [s]ections 187 to 191.5, inclusive." (§ 667, subd. (e)(2)(C)(iv)(IV).)

"[S]ection 1170.91, subdivision (c), applies to pending petitions for resentencing filed before January 1, 2023, including those pending on appeal." (*Sherman*, *supra*, 91 Cal.App.5th at p. 333.)[2]

III. *Analysis*

Defendant was convicted of two counts of attempted murder (§§ 664, 187, subd. (a)), which is an attempted homicide offense within the meaning of section 667, subdivision (e)(2)(C)(iv)(IV). Accordingly, section 1170.91 does not apply to him. (§ 1170.91, subd. (c) ["This section does not apply to a person convicted of, or having one or more prior convictions for,

---

[2] In *Sherman*, the Court of Appeal explained that, by adding subdivision (c) to section 1170.91, "the Legislature effectively accomplished a partial repeal of the statute. [Citation.] When a pending matter rests solely on a statutory basis, and no rights have vested under the statute, a repeal or partial repeal of the statutory right or remedy operates prospectively and applies to the pending case. [Citation.]" (*Sherman*, *supra*, 91 Cal.App.5th at p. 331.)

an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 . . ."]; see also *Sherman, supra,* 91 Cal.App.5th at p. 328 ["section 1170.91, subdivision (c), applies to cases already pending when it became effective"].)

Defendant's appellate briefs ignore subdivision (c) of section 1170.91 entirely and do not respond to the People's contention that it serves to bar defendant's entitlement to resentencing relief. Defendant has effectively conceded the point.

Because defendant is categorically ineligible for relief under section 1170.91, we need not address whether the hearing held by the trial court on October 7, 2022, comported with Judge Abzug's previous order. (See *People v. Mason* (1991) 52 Cal.3d 909, 944 ["It is axiomatic that we review the trial court's rulings and not its reasoning"].)

## DISPOSITION

The October 11, 2022, order denying defendant's section 1170.91 petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST

We concur:


_____, J.
CHAVEZ


_____, J.
HOFFSTADT